J. D. BRASWELL, SHERIFF, v. COMMISSIONERS OF AVERY COUNTY.

(Filed 8 December, 1920.)

**Spirituous Liquors—Statutes—Amendments—Statutory Rewards—Avery County.**

From the title and otherwise, ch. 188, Public-Local Laws of 1919, relating to Avery County, and giving certain officers of the county specified rewards for the conviction of or furnishing evidence against those unlawfully manufacturing spirituous liquors, is construed as an amendment to ch. 807, Laws of 1909, upon the same subject-matter, and to further encourage the enforcement of the law; and the rewards offered in the later act are in addition to those offered in the former one.

CIVIL ACTION, tried before *Harding, J.,* at April Term, 1920, of AVERY, upon an agreed statement of facts. His Honor rendered judgment in favor of the plaintiff, from which defendant appealed.

*J. W. Ragland for plaintiff.*
*Benbow & Caviness for defendant.*

BROWN, J. This is an action brought by the sheriff of Avery County against the board of commissioners to recover $20 each for the capture and destruction of illicit distilleries in Avery County, under the provisions of ch. 807, Laws 1909.

It is admitted that under the provisions of the act of 1909, the sheriff is entitled to recover. It is claimed, however, that this act is repealed by ch. 188, Public-Local Laws 1919. The latter act is entitled "An act to amend the prohibition law, and provide for the better enforcement of the same in Avery County." It provides in section 2: "That for every conviction of any person for manufacturing spirituous liquors, the

officer who furnishes the evidence shall be entitled to fifty dollars ($50), to be taxed against the party convicted, and the said officer shall also be entitled to the still run by the party so convicted, after the same has been cut up by or in the presence of the board of county commissioners."

Section 3 provides: "That for every person convicted of selling or transporting or having spirituous liquors in his possession for sale, the officer who furnishes the evidence to convict such person shall be entitled to twenty-five dollars ($25), to be taxed against the party convicted."

We are of opinion that the act of 1919 is an amendment to the prohibition law of Avery County, and not a repeal of the statute of 1909. The title of the act shows that it was simply to provide for the better enforcement of the local prohibition law in Avery County by giving the sheriff additional compensation when through his efforts those engaged in the illicit traffic are convicted. We cannot find anything in it which deprives the sheriff of the reward for capturing and destroying stills.

Affirmed.